Dear Mayor Fontenot:
Our office is in receipt of an opinion request from you as to questions concerning the calling of an emergency meeting under the Lawrason Act. More specifically, your request asks our office to address: who has the authority to call an emergency meeting; whether the media must be notified; the Mayor's authority to call an emergency meeting; and whether the media must be notified for special meetings. You also ask for any additional information on the powers of the Mayor and Town Council under the Lawrason Act.
La.R.S. 33:405(D)(1) provides that:
 In cases of extraordinary emergency, as defined by R.S. 42:6.1 (A)(5), the mayor or any alderman may call an emergency meeting of the board of aldermen. The members of the board and the mayor shall be notified of the meeting in the most practical manner available, and the purpose of the meeting may be stated in general terms. Notice of the meeting shall be given as provided in R.S. 42:7.
Cases of extraordinary emergency are described in La.R.S. 42:6.1(A)(5) as "limited to natural disaster, threat of epidemic, civil disturbances, suppression of insurrections, the repelling of invasions, or other matters of similar magnitude."
As the Lawrason Act provides, the mayor or any alderman may call an emergency meeting of the board of aldermen for cases that fall within the type of emergency described by La.R.S. 42:6.1(A)(5). As the Open Meetings statute indicates, this list is not exhaustive of anything that could qualify as an extraordinary emergency. By providing for the authority of a public body to call a meeting for "other matters of similar *Page 2 
magnitude" to the instances described, the Legislature has allowed for the public body to make a fact-specific inquiry to determine whether the situation at hand qualifies as a case of extraordinary emergency. Should the public body call an emergency meeting based on a situation that they determine qualifies as an emergency under the statute, they should be prepared to defend their position.
La.R.S. 33:405(D)(1) provides that the purpose of the emergency meeting may be stated in general terms, and notice must be provided to the board members and the mayor in the most practical manner available in accordance with La.R.S. 42:7. La.R.S. 42:7(A)(1)(b)(iv) provides, in part, "[i]n cases of extraordinary emergency . . . the public body shall give such notice of the meeting as it deems appropriate and the circumstances permit."
Written public notice, as provided for in La.R.S. 42:7(A)(2), must include, but is not limited to:
 (1) posting a copy at the principal office of the public body or, if there is no principal office, posting a copy where the meeting is held; or by publication in the official journal no less than twenty-four hours before the meeting, and
 (2) notification to any member of the news media who requests notice of meetings by mail and notice of the meeting in the same manner as is provided to members of the public body.
If the public body deems it appropriate and circumstances permit for the media to receive notice of a meeting called in response to an extraordinary emergency, the public body should provide the media notice. If any member of the media specifically requests notice for emergency meetings of the Mayor and Town Council, and time permits notification, it would be appropriate to provide notice to them in the same manner in which members are notified of the meeting.
Your letter also inquires as to the notice that must be given to the media in the event of a special meeting. La.R.S. 33:405(C) provides, in pertinent part:
 Special meetings of the mayor and board of aldermen may be called by the mayor or a majority of the members of the board. The board shall establish by ordinance how notice of special meetings shall be provided to members of the board and the mayor. The notice for a special meeting shall specify the business to be considered at the special meeting. Public notice shall be given as provided in R.S. 42:7.
This requires the board to establish an ordinance for how notice of special meetings must be provided to the board and the mayor. La.R.S.42:7(A)(b) provides that all public bodies must provide written public notice of any special meetings no later than twenty-four hours before the meeting is held. If any member has requested notice of *Page 3 
special meetings, the public body should mail a copy of the notice to the media and give notice in the same manner as provided to the board and mayor. La.R.S. 42:7(A)(2)(b).
For additional information on the powers of the Mayor and Town Council under the Lawrason Act, we direct you to the Lawrason Act itself, which can be found at La.R.S. 33:321 et seq.; our website,http://www.ag.state.la.us/, where you can search the database of Attorney General opinions for issues related to the Lawrason Act; and the website for the Louisiana Municipal Association, www.lma.org, where you can find a publication entitled "The Lawrason Act."
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GFNERAL
 BY:__________________________ Emalie A. Boyce
 Assistant Attorney General JDC:EAB